IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3086 |
| vs. | |
| STACY LYNN DELAMOTTE, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report. Filing 75.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

  (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report in two respects. Filing 75. First, the defendant challenges the presentence report's attribution of 497.25 grams of methamphetamine (actual) to the defendant, based on the 72 grams of methamphetamine (actual) found in her possession and $6,000 in cash that was converted to 425.25 grams of methamphetamine (actual). Filing 75 at 1-2.

The defendant argues that there is no evidence that the cash was actually proceeds of drug sales, nor any evidence that any drugs sold were methamphetamine (actual). Filing 75 at 1. The defendant also questions the foundation for the conversion rate of $400 per ounce of methamphetamine (actual). Filing 75 at 2.

The Court is directed, when determining drug quantity and where "the amount seized does not reflect the scale of the offense," to "approximate the quantity of the controlled substance. U.S.S.G. § 2D1.1 cmt. n.5. And when approximating the total drug quantity, the Court may convert drug proceeds into the equivalent drug quantity. *United States v. Alcalde*, 818 F.3d 791, 795 (8th Cir. 2016). But the government bears the burden of proving drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012). Accordingly, the Court will decide this issue based on the evidence at sentencing.

Second, the defendant objects to a two-level enhancement to the offense level pursuant to § 2D1.1(b)(1) for possession of a dangerous weapon, based on a BB gun found in the defendant's vehicle that was a "close replicate of a Springfield pistol." Filing 75 at 2-3. The defendant argues that there is no evidence regarding the appearance or functionality of the BB gun, and contends that there is no evidence she possessed it. Filing 75 at 2-3.

A "dangerous weapon" for guidelines purposes includes "an instrument capable of inflicting death or serious bodily injury" and "an object that is not an instrument capable of inflicting death or serious bodily injury but . . . closely resembles such an instrument. . . ." U.S.S.G. § 1B1.1 cmt. n.1(E). A BB gun is a dangerous weapon. *Id.*, cmt. n. 1(H). And the dangerous weapon enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1 cmt. n.11(A). The evidence is sufficient to apply

> the increase where there is a temporal and spatial relationship between the weapon, the drug trafficking activity, and the defendant. *United States v. Bandstra*, 999 F.3d 1099, 1101 (8th Cir. 2021).
>
> But it is the government's burden to show by a preponderance of the evidence that a dangerous weapon was present and that it was not clearly improbable that the weapon had a nexus with the criminal activity. *United States v. Frazier*, 280 F.3d 835, 853 (8th Cir. 2002). Accordingly, the Court will also resolve this issue on the evidence at sentencing.[1]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than

---

[1] The Court notes that when dealing with possession of a "firearm," the Eighth Circuit has held that proof the firearm was operable is not required. *See United States v. Davis*, 668 F.3d 576, 577 (8th Cir. 2012). But that's because the guidelines definition of firearm includes a weapon "which will *or is designed* to" explosively expel a projectile. *See id.*; § 1B1.1 cmt. n.1(H). While a BB gun is a "dangerous weapon," it isn't a "firearm." *See* § 1B1.1 cmt. n.1(H). And a "dangerous weapon," as noted above, must either be "capable" of inflicting death or serious bodily injury, or closely resemble something that is. *Id.*, cmt. n.1(E). Accordingly, whether the BB gun meets that definition will be contingent on evidence that the BB gun was either operational or closely resembled a dangerous weapon.

three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of January, 2023.

BY THE COURT:

John M. Gerrard
United States District Judge